NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIE J. CAUSEY, JR., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SUN WEST MORTGAGE COMPANY, INC.; LAKEVIEW LOAN SERVICING, LLC, <br><br> Defendants-Appellees. | No.    17-55598 <br><br> D.C. No. 5:15-cv-02399-JGB-SP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted October 11, 2018[**]
Pasadena, California

Before:  WATFORD and OWENS, Circuit Judges, and PRESNELL,[***] District Judge.

In this action to rescind a mortgage transaction and recover damages under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

the Truth in Lending Act ("TILA"), plaintiff-appellant Willy J. Causey, Jr. appeals from the grant of summary judgment to defendants-appellees Sun West Mortgage Co. ("Sun West") and Lakeview Loan Servicing, LLC ("Lakeview"). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Because Causey never argued to the district court that 12 C.F.R. § 1026.19(e)(3)(iii) is inapplicable because it was not in effect when he applied for his loan, he has forfeited any such argument in this court. *See, e.g.*, *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]n appellate court will not consider issues not properly raised before the district court.").

Sun West's disclosure of a $606.36 homeowner's-insurance premium was a "good faith" estimate of a "[p]roperty insurance premium[]" under § 1026.19(e)(3)(iii)(B). The parties agree that (1) when Sun West prepared and sent its TILA-mandated disclosures to Causey before his loan closed, Sun West believed that Causey's homeowner's-insurance premium was $606.36 based on the only quote Causey or his mortgage broker had given Sun West; (2) Sun West did not know when the loan closed that this quote had been withdrawn and replaced by a more expensive policy; and (3) Sun West did not learn that the quoted policy was never made effective until at least May 2014, after Causey's actual, more expensive homeowner's-insurance policy had been cancelled. Because Sun West's

disclosure of a $606.36 premium was "consistent with the best information reasonably available to [it] at the time," its disclosure was "in good faith," even if it turned out to be inaccurate. 12 C.F.R. § 1026.19(e)(3)(iii). The disclosure therefore did not violate TILA. *Id.* at § 1026.19(e)(1)(i) (requiring only "good faith estimates" of mandated disclosures).

Because Sun West's insurance-premium disclosure did not violate TILA, neither Sun West nor Lakeview is liable under TILA for failure to correct that disclosure. *See* 15 U.S.C. § 1640(b).

2. Contrary to Causey's argument, only the $11 difference between the $53 recording fee Sun West disclosed to Causey and the $42 fee Causey was actually charged counts against 15 U.S.C. § 1635(i)(2)'s tolerance provision for rescinding mortgage transactions in which foreclosure proceedings have begun. As relevant here, § 1635(i)(2) bases the tolerance calculation on whether the disclosed finance charge varies from the "actual finance charge" by more than $35. And because Sun West overstated the recording fee by $11, resulting in the improper exclusion of only $11 from its overall finance-charge disclosure, that disclosure was accurate under § 1635(i)(2)'s $35 tolerance provision.

Also contrary to Causey's argument, Sun West's $11 understatement of the finance charge did not result in an inaccurate disclosure of the amount financed. Section 1635(i)(2) is clear that it excuses any inaccuracy in the disclosure of the

3

finance charge *and* any "other disclosure[] affected by any finance charge," so long as "the amount disclosed as the finance charge does not vary from the actual finance charge by more than $35." And as 12 C.F.R. § 1026.23(h)(2)(i)—§ 1635(i)(2)'s implementing regulation—clarifies, a creditor's miscalculation of a finance charge necessarily "affect[s]" the calculation of the amount financed. Because Sun West's finance-charge disclosure varied from the actual finance charge by only $11, Sun West's disclosure of the amount financed—a figure necessarily "affected" by the finance charge—is "accurate" under 15 U.S.C. § 1635(i)(2).

3. Because we hold that Sun West's disclosures did not violate TILA and that Causey is therefore not entitled to either rescission or damages, we need not address Lakeview's argument that it cannot be liable for TILA violations or obligated to rescind the loan because it is an assignee of the loan. *See, e.g.*, *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1114 n.2 (9th Cir. 2017).

**AFFIRMED.**